# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

EMERALD GRANDE, INC.,
a Florida Corporation,

       Plaintiff,

v.                               Case No.: 3:07cv364/MCR/EMT

CLATUS JUNKIN,

       Defendant.

_____/

## O R D E R

      This case involves Defendant Clatus Junkin's purchase of two condominium units from Plaintiff Emerald Grande, Inc. ("Emerald Grande").  Emerald Grande initially filed this action in the Circuit Court of Okaloosa County, Florida.  Junkin then removed the case to this court.  Pending before the court is Emerald Grande's Amended Motion to Remand. (Doc. 15).  For the reasons that follow, the motion is due to be GRANTED.

**Background**

      In June 2005, Emerald Grande and Junkin entered into separate contracts for the purchase and sale of two condominium units located in the Emerald Grande condominium development in Okaloosa County, Florida.  The parties also entered into a contract for the purchase of furnishings associated with one of the condominium units.  After entering into these contracts, but prior to closing, Junkin canceled his purchase of one of the units, which he believed also canceled his purchase of the other unit and the furnishings contract.  Emerald Grande responded by filing suit for breach of contract in the Circuit Court of Okaloosa County, Florida, seeking specific performance and damages under all three of the contracts at issue.  Junkin then removed the lawsuit to this court pursuant to the court's diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.

      Emerald Grande filed the pending amended motion to remand arguing that a forum selection clause in the subject agreements requires the parties to litigate their dispute in

the circuit or county courts of Okaloosa County.  In response, Junkin argues that a second forum selection clause in the contracts permitted removal of the case to this court.

**Legal Standards**

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court.  <u>See</u> 28 U.S.C. § 1441(a); <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).  A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law.  <u>See</u> <u>Leonard v. Enterprise Rent A Car</u>, 279 F.3d 967, 972 (11th Cir. 2002); <u>Perez v. AT & T Co.</u>, 139 F.3d 1368, 1373 (11th Cir. 1998).  Because removal is a statutory right it "should be construed strictly in favor of state court jurisdiction."  <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); <u>see</u> <u>also</u> <u>University of Southern Alabama v. American Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999); <u>Pacheco de Perez v. AT & T Co.</u>, 139 F.3rd 1368, 1373 (11th Cir. 1998). In order for a federal court to have jurisdiction over a case pursuant to the diversity statute, the amount in controversy must exceed $75,000, exclusive of costs and interest, and there must be complete diversity of citizenship.  <u>See</u> 28 U.S.C. § 1332.

After removal, the plaintiff may move to remand the case to state court pursuant to 28 U.S.C. § 1447(c).  A motion based on a removal defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the notice of removal. 28 U.S.C. § 1447(c).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  <u>Id.</u>  Although § 1447(c) does not expressly state that a district court can remand an action to enforce a forum selection clause, the Eleventh Circuit has held that district courts have "the inherent power to remand a removed case when it is appropriate to do so to enforce a forum selection clause."  <u>See</u> <u>Snapper, Inc. v. Redan</u>, 171 F.3d 1249, 1263 n. 26 (11th Cir. 1999) (citations omitted).

Forum selection clauses are prima facie valid and enforceable in federal courts. <u>See</u> <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).  Federal law, rather than state law, governs the determination of whether to enforce

a forum selection clause in a diversity jurisdiction case.  See P & S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003).  Such clauses will be enforced so long as enforcement would not be unreasonable or unjust and the clause was not the product of fraud or overreaching.  See Citro Florida, Inc. v. Citrovale, S.A., 760 F.2d 1231 (11th Cir. 1985) (per curiam) (citing Bremen, 407 U.S. at 15).

Forum selection clauses are interpreted according to ordinary contract principles and may constitute waivers of the right to remove.  Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271-72 (11th Cir.2004); Snapper, 171 F.3d at 1260-61.  Forum selection clauses are generally considered either mandatory, in which there is a clear, unequivocal expression of the parties' intent to exclusively limit the forum to a particular venue or court, or permissive, in which there is no clear expression of exclusivity but rather an understanding that the parties have consented to venue or jurisdiction in a particular forum.  See Global Satellite, 378 F.3d at 1272.  Only forum selection clauses which "unambiguously designate the forum in which the parties must enforce their rights under the contract will be enforced."  J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co., LTD., 515 F.Supp.2d 1258, 1268 (M.D.Fla. 2007) (citations omitted).

**Discussion**

Emerald Grande's Amended Motion to Remand is based on Article IX.Y of the subject condominium contracts which provides, in pertinent part:

> [T]o the extent not prohibited in Article VIII, the Circuit and County Courts of the 1st Judicial Circuit, in and for Okaloosa County, Florida ("Okaloosa Courts") will be the venue for any dispute, proceeding, suit or legal action concerning the interpretation, construction, validity, enforcement, performance of, or related in any way to, this Contract or any other agreement or instrument executed in connection with this Contract.  In the event any such suit or legal action is commenced by any party and is not otherwise prohibited by Article VIII, the other parties agree, consent and submit to the personal jurisdiction of the Okaloosa Courts with respect to such suit or legal action.  In such event, each party waives any and all rights under applicable law or in equity to object to jurisdiction or venue of the Okaloosa Courts.

(Doc. 1 at 33, 54).[1]  Emerald Grande argues that this provision constitutes a mandatory forum selection clause, the enforcement of which would be neither unjust nor unreasonable.  In response, Junkin argues that this case was properly removed based on the court's diversity jurisdiction and that the contractual language does not require remand. Junkin argues that a separate forum selection clause found in Article VIII of the subject condominium contracts permitted removal to the court notwithstanding the language in Article IX.[2]  This language, which concerns the arbitration of disputes, provides in pertinent part:

> Submission to arbitration under this Article is intended by the parties to preclude any judicial action in matters which may be arbitrated hereunder, save and except for enforcement of any arbitral award hereunder, and is agreed to be the exclusive manner for dispute resolution hereunder. ***Nevertheless, in the event for any reason any litigation is filed other than to enforce the decision of the arbitration proceedings, the parties accept the jurisdiction of the State, Federal and local courts located in Okaloosa County, Florida as having exclusive jurisdiction over controversies arising from or relating to this Agreement*** and agree that Florida has sufficient contacts with the subject matter of this Agreement and agree that any litigation arising out of this Agreement will take place only in such courts, and both parties hereto consent to the personal jurisdiction of such courts and do hereby waive any objection to such courts based on the forum not being convenient or otherwise.

(Doc. 1 at 29, 50) (emphasis added).[3]  Junkin argues that Articles VIII and IX must be read so as to give force and effect to all terms of the contract and be harmonized to the extent possible.  The only way to do this, he maintains, is to conclude that suits to enforce these contracts may be brought in any court in Okaloosa County, state or federal.

The only issue before the court is whether Article IX mandates that all cases be brought in the circuit or county courts of Okaloosa County, or whether Junkin was

---

[1]  Any reference to "Article IX" in this order shall refer to this clause unless specifically noted.

[2]  Any reference to "Article VIII" in this order shall refer to this clause unless specifically noted.

[3]  The furnishings contract contains language tracking Article VIII, but not Article IX.  See doc. 1 at 62.

Case No.: 3:07cv364/MCR/EMT

permitted to remove this case to federal court based on Article VIII.[4]

Reading Articles VIII and IX together or reading them separately, it is clear this action must be litigated in an Okaloosa County state court. Article VIII pertains solely to arbitration. It provides that "[a]ny post-closing disputes between Purchaser and Seller relating to the purchase of the Unit, including the marketing, sale, design, construction, condition or conveyance of the Unit, shall be resolved exclusively through binding arbitration." See doc. 1 at 29. In this case, Junkin canceled the contracts before closing. This litigation thus is not a "post-closing dispute[]" and is not subject to the arbitration provisions of Article VIII. Further, although Article VIII does contain the parties' consent to the jurisdiction of the state and federal courts in Okaloosa County in the event litigation of an otherwise arbitrable claim is pursued, the court finds this language nothing more than a general consent to personal jurisdiction in any of the state or federal courts in Okaloosa County, Florida; it does not mandate litigation in a specific forum. Therefore, regardless of its language expressing the parties' consent to the jurisdiction of the state and federal courts in Okaloosa County, Article VIII plainly has no application to this case and, in any event, does not permit removal of plaintiff's case (which involves a nonarbitrable claim) to this court, particularly in light of the language in Article IX.

Article IX is a mandatory forum selection clause. The language specifically provides that, to the extent not prohibited by Article VIII, the venue "for any dispute, proceeding, suit, or legal action concerning the interpretation, construction, enforcement, performance of, or related in any way to, this Contract or any other agreement or instrument executed in connection with this Contract" will be in the circuit and county courts of Okaloosa County, Florida. The use of the word "will" evinces the parties' mandatory intent to designate these courts as the exclusive venue for any litigation which does not fall under the terms of Article VIII. As noted, the claim in this case is not covered by Article VIII; nor does Article VIII

---

[4] In this case, there is no dispute that diversity jurisdiction exists. Further, Junkin does not contend that Article IX is unreasonable or unjust or that the clause should be invalidated because of fraud or overreaching.

Case No.: 3:07cv364/MCR/EMT

prohibit venue in the Okaloosa County state courts.[5]   The mandatory forum selection clause of Article IX therefore controls and requires remand.[6]  See Global Satellite, 378 F.3d at 1272.

Accordingly, it is ORDERED:

1.     Plaintiff's Amended Motion to Remand (doc. 15) is GRANTED.

2.     Plaintiff's request for attorney's fees is denied.[7]

3.     This case is REMANDED to the Circuit Court of Okaloosa County, Florida.

4.     The Clerk is directed to take appropriate steps to effect the remand.

DONE and ORDERED this 15th day of July, 2008.

s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[5]  To the contrary, the language includes those courts in the parties' consent to jurisdiction.

[6]  Because the condominium contracts and the furnishings contract were executed as part of the same transaction, they should be read together.  See Whitley v. Royal Trails Property Owners' Ass'n, Inc., 910 So.2d 381, 383 (Fla. 5th DCA 2005) (citing Courtesy Auto Group, Inc. v. Garcia, 778 So.2d 1000, 1002 (Fla. 5th DCA 2000)).  Accordingly, even though the furnishings contract does not contain Article IX's specific language, the mandatory forum selection clause is binding on the furnishings contract as well.  This is further supported by the language in Article IX providing that litigation over "any other agreement or instrument executed in connection with this Contract" not otherwise covered by Article VIII will be litigated in the state courts of Okaloosa County, Florida.  (Doc. 1 at 33, 54).

[7]  The court cannot find that Junkin's removal lacked an objectively reasonable basis.  See Hansard v. Forsyth County, GA, 191 Fed.Appx. 844, 846-47 (11th Cir. 2006).